# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LIONEL JACKSON | CIVIL ACTION |
| VERSUS | NUMBER 01-1578 |
| BURL CAIN, WARDEN | SECTION "L" (5) |

## ORDER & REASONS

Currently pending before the Court is Petitioner's Motion for Relief from Order of Final Judgment Pursuant to Rule 60(b)(6). For the following reasons, IT IS ORDERED that Petitioner's motion IS DENIED.

## I. BACKGROUND

Petitioner, Lionel Jacskon, filed an action for habeas corpus relief pursuant to 28 U.S.C. § 2254 in May of 2001. The matter was referred to a United States Magistrate Judge for the purpose of conducting hearings, if necessary, and the submission of proposed findings and recommendation for disposition. The Magistrate Judge issued a Report and Recommendation finding that Jackson's petition should be dismissed with prejudice as untimely. Subsequently, in addition to a number of objections and supplemental objections to the report and recommendation, Petitioner filed a "motion for expansion of record."

Specifically, in his motion for expansion of record, Petitioner asked this Court to exercise its discretion and expand the record to include evidence that, in addition to the direct appeal filed with the Louisiana Fifth Circuit Court of Appeals by his counsel on January 13, 1997, he had filed a supplemental brief on his own behalf that remained pending. Despite this assertion,

Petitioner received a letter from the court on August 25, 1998 which stated:

> You requested information on a ruling as to [his] supplemental brief filed in January of 1997. Our records do not show that we received one. The Court considered the brief filed on your behalf by William R. Campbell, Jr. and an opinion was rendered on April 9, 1997. The Court renders a single opinion on an appeal.

Although the record reflects that Petitioner had made an inquiry to his attorney about the status of his supplemental brief, there is no evidence that he followed up with the court. Nor is there evidence that he resubmitted his supplemental brief once he learned that it had not been received.

On July 22, 2002, this Court issued an Order and Reasons denying Petitioner's motion for expansion of record and denying his application for a writ of habeas corpus. While the Court declined to exercise its discretion to receive additional evidence, the Court nevertheless considered the merits of Petitioner's arguments. Importantly, in so doing the Court noted that Petitioner's "assertion that [his] brief is somehow still 'pending' before [the Louisiana Fifth Circuit Court of Appeals] is unfounded." (Rec. Doc. 13, at 6).

On August 1, 2002, Petitioner filed a Notice of Appeal and additionally moved for the issuance of a certificate of appealability. On August 15, 2002, this Court denied Petitioner's request for a certificate of appealability. On November 26, 2002, this decision was affirmed by the United States Court of Appeals for the Fifth Circuit. Specifically, the Fifth Circuit concluded that "the district court did not err in denying Jackson's motion to expand the record." *Jackson v. Cain*, No. 02-30791, at 2 (5th Cir. Nov. 25, 2002).

## II. LAW & ANALYSIS

Petitioner has now filed the instant motion requesting that this Court reconsider its' denial of his application for a writ of habeas corpus. His motion comes more than seven years

after his writ was denied, and more than fourteen years after his conviction. His motion invokes Rule 60(b) of the Federal Rules of Civil Procedure, which provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Where, as is the case here, a Rule 60(b) motion "confines itself . . . to a nonmerits aspect of the first federal habeas proceeding," it is not subject to 28 U.S.C. § 2244's requirements for successive habeas petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005). Instead, a movant is required to demonstrate that "extraordinary circumstances" favor alteration of the judgment. *Id.* at 525.

### A. The Fifth Circuit's Extension of the "mailbox rule"

In this case, Petitioner asserts that the recent decision in *Stoot v. Cain*, 570 F.3d 669 (5th Cir. 2009) requires that the "mailbox rule" be applied to the supplemental brief that was never received by the Louisiana Court of Appeals for the Fifth Circuit. Accordingly, he argues that the supplemental brief was filed on the date that he filled out the request to have the brief mailed and delivered it to prison officials. Because his brief was filed but never considered, Petitioner reasons, AEDPA's one year period of limitation could not have begun to run and the Court therefore erred when it declined to expand the record and concluded that his habeas petition was time barred.

3

In *Stoot*, the federal district court had denied a Louisiana inmate's federal habeas petition as untimely and did not reach the merits of the case. 570 F.3d at 671. The issue on appeal was whether Petitioner had timely filed a petition for review in state court, thereby tolling the period of limitation on his federal habeas petition. *Id.* at 670-71. Although the petition that the state appellate court received had not been mailed in time, the Petitioner presented an "Inmate's Request for Legal/Indigent Mail" as evidence that he had mailed an earlier petition that the court had not received. *Id.* The Fifth Circuit held that "in Lousiana courts, a *pro se* prisoner's pleading is deemed filed on the date that the prisoner submits the pleading to prison authorities to be mailed, regardless of whether the pleading actually reaches the court." *Id.* at 672. Thus, based on the date that this earlier petition was delivered to prison officials, it would have been timely. *Id.* Therefore, the Court concluded that if the Petitioner's allegations were true than a decision on the merits of his habeas petition would be necessary. *Id.*

The *Stoot* Court made it clear that a Petitioner could only benefit from this extension of the "mailbox rule" if they had been diligent in following up on the misplaced the filing. As they pointed out, "[u]nder such a rule, it is of course incumbent upon the petitioner to diligently pursue his petition. A failure to inquire about a lost petition is strong evidence that the petition was, in fact, never sent." *Id.* The Court indicated that the Petitioner in that case had done enough to follow up by having a family member inquire about the filing and then resubmitting it after learning that it had been lost. *Id.*

In the case at bar, Petitioner's Rule 60(b) motion must be denied for several reasons. First, while *Stoot* certainly represents an extension of the "mailbox rule," it does not have any impact on the timeliness of Petitioner's federal habeas petition. The filing at issue in *Stoot* was a

4

petition for review while the relevant filing in this case was a supplemental brief to a previously filed petition for review.  As the Court has noted previously, "a motion is 'pending' for AEDPA purposes . . . only from the time the motion is filed until it is decided."  *Evans v. Senkowski*, 105 F. Supp. 2d 97, 100 (E.D.N.Y. 2000).  The Louisiana Court of Appeals for the Fifth Circuit rendered a final decision on the underlying petition for review on April 9, 1997.  Therefore, Petitioner's "assertion that [his] brief is somehow still 'pending' before [the Louisiana Fifth Circuit Court of Appeals] is unfounded." (Rec. Doc. 13, at 6).  The filing date of a supplemental brief has no effect on the pendency of Petitioner's appeal or on the timeliness of his federal habeas petition.

Additionally, this Court is not convinced that Petitioner in this case was diligent in following up on his lost supplemental brief.  Although he apparently contacted his counsel to inquire about the status of the brief, there is no evidence that he resubmitted it once he discovered that it was lost.  Accordingly, these issues were never considered by the state appellate court.  Under Petitioner's argument, his brief would therefore still be pending and the limitation period on his federal habeas petition would not have expired.  Thus, he essentially asks for an unlimited amount of time to file his habeas petition despite his lack of diligence in following up on his misplaced supplemental brief.  *Stoot* certainly would not require this result.

Finally, even if *Stoot* did have some effect on the timeliness of Petitioner's application for habeas relief, the Fifth Circuit's extension of the "mailbox rule" does not constitute an extraordinary circumstance that would justify reopening a case that has been closed for over seven years.  *Stoot*, 570 F.3d at 672.  In *Gonzalez v. Crosby*, the Supreme Court concluded that a change in the Eleventh Circuit's interpretation of the AEDPA statute of limitations did not rise to

an extraordinary circumstance that would "provide[] cause for reopening cases long since final." 545 U.S. 534, 536 (2005). As the Court explained, "[t]he District Court's interpretation of the AEDPA statute was by all appearances correct under the Eleventh Circuit's then-prevailing interpretation of 28 U.S.C. § 2242(d)(2). It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation." *Id.* Likewise, in this case, this Court's ruling was correct under the prevailing law at the time, as evidenced by the Fifth Circuit's denial of Petitioner's request for a certificate of appealability. Furthermore, *Stoot* did not change the law, it merely extended it. The Court was certainly aware of the "mailbox rule" at the time of its decision. In fact, the Magistrate's Report and Recommendation contained an explanation of the "mailbox rule." (Rec. Doc. 7, at 6 n.3). Thus, this extension of an already existing doctrine was certainly not an extraordinary circumstance. Accordingly, Petitioner's case need not be reopened.

### B. Adequacy of state court review of Petitioner's appeal

Petitioner points out that in 2008 the Supreme Court of Louisiana transferred hundreds of applications from unrepresented individuals back to the Louisiana Fifth Circuit Court of Appeal because they had not received adequate constitutional review. *See generally State v. Cordero*, 2008-1717 (La. 10/3/08); 993 So. 2d 203. He claims that the fact that filings made by pro se plaintiffs were not handled appropriately may explain why his supplemental brief was not considered. Accordingly, he argues that the circumstances surrounding the review of his state court petition for review constitute extraordinary circumstances that would warrant relief from the denial of his federal habeas petition.

Petitioner's argument is without merit. First, although he allegedly filed his

supplemental brief on his own behalf, Petitioner was represented by counsel during his appeal process. Petitioner does not allege that applications by represented individuals were mishandled. Additionally, there is no evidence at all that Petitioner's case was in fact mishandled or that the Court received and ignored his supplemental brief. Furthermore, even if Petitioner's supplemental brief was mishandled, the fact remains that his underlying petition for review was considered and ruled on. As discussed above, once an appeal has been decided it is no longer pending. Thus, any mishandling of his supplemental brief would not have impacted the limitations period for Petitioner's federal habeas proceeding.

## III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Petitioner's motion for relief from order of final judgment (Rec. Doc. 19) pursuant to Rule 60(b)(6) IS DENIED.

New Orleans, Louisiana, this 2nd day of March, 2010.

_____
UNITED STATES DISTRICT JUDGE